### ROSENBERG v. HAMMERSTEIN.

(Supreme Court, Appellate Division, First Department. December 11, 1896.)

PLEADING—COUNTERCLAIM—BILL OF PARTICULARS.

Defendant, who has pleaded a counterclaim arising from moneys received by plaintiff but not properly credited, will be required to furnish a bill of particulars, where he has sufficient knowledge of the receipt of the moneys to swear to it on information and belief, and to give many details as to the manner in which the moneys were taken from him and received by plaintiff.

Appeal from special term, New York county.

Action by Anna Rosenberg against Oscar Hammerstein to foreclose a mortgage. From an order requiring him to furnish a bill of particulars of his answer and counterclaim, defendant appeals. Affirmed.

Argued before BARRETT, RUMSEY, WILLIAMS, O'BRIEN, and INGRAHAM, JJ.

D. M. Neuberger, for appellant.
George W. Galinger, for respondent.

RUMSEY, J. The action was brought to foreclose a mortgage. The defendant, answering, alleged as a second defense that the plaintiff had received moneys from him exceeding the amount due upon the mortgage, which he asked to set off so far as might be necessary against the plaintiff's demand. For a counterclaim he alleged that, before the commencement of the action, the plaintiff had received of him $10,000 and upward, no part of which had been paid, and for which he asked judgment. The answer was sworn to, and the allegations in it were made upon information and belief. The plaintiff denied the counterclaim. After the issues were thus formed the plaintiff moved for a bill of particulars of the defendant's answer and counterclaim, which was granted. In her affidavit, upon which the motion was based, she alleges the necessary facts to authorize the court to grant the motion. The defendant, in opposition to it, alleged that he had no personal knowledge of the matters set forth in his answer or counterclaim; that the transactions which resulted in the plaintiff's receipt of the $10,000 were had between the plaintiff's husband and herself; that the husband was the defendant's bookkeeper; and that the transactions were had without the defendant's knowledge. He alleges that the plaintiff's husband, acting as bookkeeper for him, received money belonging to the defendant from time to time, and, instead of holding it for the defendant, transferred it to the bank account of the plaintiff. He says that he was unable to get from the banks any statement of the amount of money so transferred. He further alleges that the amount of money received by the plaintiff's husband, as his bookkeeper, and which was transferred to her account, appears in the books of the defendant, and in bank books of his which were kept by Rosenberg, the plaintiff's husband, but that these books are not now in his possession, having been taken away by the plaintiff's husband shortly before the commencement of the action, upon an occasion when Hammerstein dis-

charged him from his employ. All these allegations are denied by Rosenberg, who says that he was discharged at a time when he was not in the defendant's office; that he never went back to the office; that he never saw the books after the time of his discharge, and that they were then in the defendant's office; and that, so far as he knows, they are there now. There were many other allegations in the affidavits, but the foregoing is the substance of the material portions of them.

By reference to the answer and the affidavits it will appear that the defendant has sufficient knowledge of the receipt of this money by the plaintiff, not only to swear to it upon information and belief, but to give many details as to the manner in which it was taken from him and received by her. For instance, he says that a certain part of the money was the proceeds of the amounts due to him which were paid to Rosenberg, and by him deposited to the credit of the plaintiff's bank account, and he alleges generally as to the manner in which the remaining money was received by Rosenberg. That he has such knowledge upon these points as enables him to swear to them so fully as he has, casts considerable doubt upon his allegation that he has not sufficient information with regard to them to formulate it in a bill of particulars. If he had sufficient information to allege the fact, that information must necessarily enable him to state something more than he has stated in his answer. If he has the books in his possession or under his control, as we are bound to believe he has from the affidavits, certainly he will be able to state what money was received by Rosenberg, and what money, if any, was not accounted for, or was transferred to the plaintiff's credit. In any event, the affidavits do not satisfy us that the defendant is not able to give a more particular statement of the facts which he has alleged under oath than he has given in his answer, or that he is not able to comply with the order requiring a bill of particulars.

The case is clearly one in which a bill of particulars should be granted, and the order should be affirmed, with costs and disbursements. All concur.